**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Paul McKenna,<br><br>  Plaintiff,<br><br>vs.<br><br>Tom Horne, Former Attorney Arizona Attorney General, and Arizona Attorney General's Office,<br><br>  Defendants. | No. CIV 21-048-TUC-CKJ<br><br>**ORDER** |

    On February 2, 2021, Plaintiff Timothy Paul McKenna ("McKenna"), filed a pro se First Amended Complaint ("FAC") (Doc. 10) in which he purports to state claims for unlawful arrest and malicious prosecution under 42.U.S.C. § 1983. McKenna is seeking prospective injunctive relief. McKenna has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 11) and a Motion for Hearing (Doc. 12).

I. *In Forma Pauperis*

    The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). The information contained in McKenna's Application establishes McKenna is unable to pay the fees. The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 11) will be granted.

II. *Screening Order*

    This Court is required to dismiss a case if the Court determines that the allegation of

1  poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Court previously summarized the requirements for stating a claim upon which relief can be granted. Briefly, a complaint must set forth sufficient non-conclusory facts and allegations that serve to put defendants on notice as to the nature and basis of the claim(s). These allegations must present "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 555. Further, the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardue*, 551 U.S. 89 (2007).

Additionally, in discussing *Twombly*, the Ninth Circuit has stated:

> "A claim has facial plausibility," the Court explained, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).
>
> In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Id*.

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

This Court must take as true all allegations of material fact and construe them in the light most favorable to McKenna. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). However, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council*

*v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in attempting to decipher a complaint.

III. *Named Defendant*

McKenna alleges Tom Horne ("Horne"), Former Arizona Attorney General of the Arizona Attorney General's Office, in his official capacity, as the Defendant. While Horne was not the Arizona Attorney General when he was sued, because he is being sued in his official capacity, the Court recognizes that McKenna may be seeking to state a claim against the entity he represented. *See e.g. Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 699 n.55 (1978) (official capacity suite generally constitute a "way of pleading an action against an entity of which an officer is an agent"); *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) (as long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity).

Indeed, if "the suit involves an injunction seeking a prospective remedy for a continuing violation of federal law, a federal court may enjoin state officials from continuing such activity." *United Mexican States v. Woods*, 126 F.3d 1220, 1222 (9th Cir.1997), *citing Ex Parte Young*, 209 U.S. 123 (1908) and *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269-70 (1997); *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 817–18 (9th Cir.), *as amended*, 271 F.3d 910 (9th Cir. 2001) (under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a suit for prospective injunctive relief against a state official). Further, "[s]tates or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983." *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022), *citation omitted*. However, "[w]hen sued for prospective injunctive relief, a state official in his official capacity is considered a 'person' for § 1983 purposes." *Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997). However, as

discussed *infra*, McKenna has not stated a claim upon which relief can be granted against the Arizona Attorney General.

McKenna, therefore, may be seeking to state a claim against Horne or some other unnamed persons in their individual capacities. However, McKenna has not alleged any injury that resulted from alleged conduct of Horne or some other unnamed person nor has he alleged an affirmative link between the injury and conduct of that defendant. Rather, McKenna has conclusorily stated he was falsely arrested and subject to malicious prosecution without providing any factual allegations. As the Court discusses herein, McKenna has not stated a claim upon which relief can be granted against any individual defendant.

Therefore, the Court finds it appropriate to dismiss McKenna's FAC with leave to amend. If a court determines that dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Moreover, when dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987).

If McKenna files a Second Amended Complaint and names the Arizona Attorney General as a Defendant representing the State of Arizona, McKenna is advised that it is appropriate to substitute the current Arizona Attorney General, Mark Brnovich, as Defendant. *See* Fed.R.Civ.P. 25 (d); *Kentucky v. Graham*, 473 U.S. 159, 166 n. 11 (1985) ("In an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office.").

IV. *Claims against the Arizona Attorney General*

Generally, a plaintiff can demonstrate governmental liability for a constitutional violation in one of three ways. First, he can show that a person or entity with decision-making authority within the government expressly enacted or authorized an

unconstitutional policy or gave an unconstitutional order. See *Monell*, 436 U.S. at 694 (holding that municipal liability is properly imposed where a policymaker "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers"); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) ("[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question"). Second, a plaintiff can prove that his injury was the result of a government custom, i.e., a practice "so permanent and settled" as to constitute a "custom or usage" of the government defendant. *Monell*, 436 U.S. at 691; *see also Pembaur*, 475 U.S. at 481–82 n.10. Finally, a governmental body may be liable if its failure to train employees has caused a constitutional violation and the failure to train amounts to deliberate indifference to the rights of individuals with whom those employees come into contact. *See City of Canton v. Harris*, 489 U.S. 378, 388–89, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

After *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> "Allegations of *Monell* liability will be sufficient . . . where they: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur."

*Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1167 (C.D. Cal. 2018), *citations omitted*; *see also Harvey v. City of S. Lake Tahoe*, No. CIV S-10-1653 KJM EFB PS, 2011 WL 3501687, *3 (E.D. Cal. Aug. 9, 2011) (dismissing claims because "Plaintiff has not identified any [municipal] policy or custom in his first amended complaint, has not alleged that the ... employees acted pursuant to a County policy or custom, and has not alleged that their conduct conformed to an official policy or custom. Additionally, because he has not identified any such policy or custom, he also has not explained how the policy or custom is deficient, has not explained how the policy or custom caused him harm, and has not explained how the policy or custom amounted to deliberate indifference."), *citations omitted*.

McKenna's FAC does not identify any challenged policy or custom or any unconstitutional order. If follows, therefore, that the FAC does not explain how the policy or custom is deficient, explain how the policy or custom caused McKenna harm, or reflect how the policy or custom amounted to deliberate indifference. Any Second Amended Complaint, to state a claim against the Arizona Attorney General in an official capacity, must adequately state a claim as discussed here.

The Court notes, as discussed herein, suit against the State of Arizona, i.e., the Arizona Attorney General, may not be subject to Eleventh Amendment immunity because, in his FAC, McKenna has limited his demand to prospective injunctive relief.

V. *Claims Against Named Defendants in an Individual Capacity*

Should McKenna seek to state a § 1983 claim against specific named defendants in individual capacities, McKenna must allege (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005), *quoting Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

VI. *Unlawful Arrest and Malicious Prosecution*

The Ninth Circuit has stated:

> "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012) (quoting *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964 (9th Cir.2001)). "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004). "[T]he determination of probable cause is based upon the totality of the circumstances known to the officers at the time" of the arrest. *Id*.

*Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015).

- 6 -

The Ninth Circuit has summarized what is required for a malicious prosecution claim under § 1983:

> To claim malicious prosecution, a petitioner must allege "that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995); *see also Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1204 (9th Cir.2003) (stating that malicious prosecution "concern[s] the wrongful use of legal process"). It requires "the institution of criminal proceedings against another who is not guilty of the offense charged" and that "the proceedings have terminated in favor of the accused." Restatement (Second) of Torts § 653 (1977).[12] In general, a claim of malicious prosecution is not cognizable under § 1983 "if process is available within the state judicial systems" to provide a remedy, although "we have also held that an exception exists ... when a malicious prosecution is conducted with the intent to ... subject a person to a denial of constitutional rights." *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir.1985) (en banc).
>
> [12] The Supreme Court has noted two significant differences between malicious prosecution and false arrest: (1) the former "permits damages for confinement imposed pursuant to legal process," whereas the latter only allows damages for the time one is detained until arraignment; and (2) an additional "element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (citing W. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser and Keeton on Law of Torts* 874, 888 (5th ed.1984)).

*Lacey v. Maricopa Cnty.*, 693 F.3d 896, 919 (9th Cir. 2012).

VII.  *Second Amended Complaint*

The Court finds that dismissal with leave to amend is appropriate. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). The Court has provided the reasons for the dismissal so McKenna can make an intelligent decision whether to file a Second Amended Complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987). Furthermore, McKenna is advised that all causes of action alleged in the original or amended complaints which are not alleged in any Second Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987). Any Second Amended Complaint filed by McKenna

must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference. Any Second Amended Complaint submitted by McKenna shall be clearly designated as a Second Amended Complaint on the face of the document.

McKenna should take notice that if he fails to timely comply with every provision of this Order, this action will be dismissed pursuant to Fed.R.Civ.P. 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

VIII. *Motion for Hearing* (Doc. 12)

McKenna has filed a Motion for Hearing. However, it is not clear for what purpose McKenna seeks a hearing. Rather, it appears McKenna is simply confirming his desire for an adjudication on the merits and a demand for a jury trial. The Court accepts the document as a confirmation of a demand for a jury trial. However, as the FAC has been dismissed, there are not any claims currently pending in this case. The Court finds, therefore, there is no basis for a hearing at this time. The Court will deny this Motion.

IX. *Notice to McKenna*

McKenna is advised that Step Up to Justice offers a free, advice-only clinic for self-represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m. *See* https://www.azd.uscourts.gov/federal-court-advice-only-clinic-tucson. If McKenna wishes to schedule a telephonic appointment, he should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

Accordingly, IT IS ORDERED:

1. McKenna's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 11) is GRANTED.

2. The First Amended Complaint (Doc. 10) is dismissed without prejudice.

1  McKenna has 45 days from the date this Order is filed to file a second amended complaint.

2      3.    If McKenna fails to file a second amended complaint within 45 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

    4.    The Motion for Hearing (Doc. 12) is DENIED.

    5    The Clerk of the Court must mail McKenna another court-approved form for filing a Complaint for Violation of Civil Rights (Non-Prisoner Complaint).

    6.    At all times during the pendency of this action, McKenna shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS". The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. McKenna shall serve a copy of the Notice of Change of Address on all served opposing parties. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to FEd.R.Civ.P. 41(b).

DATED this 28th day of July, 2022.

_____
Cindy K. Jorgenson
United States District Judge

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

_____ Division

| | |
|---|---|
| _____ <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> **-v-** <br> _____ <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. _____ <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ❏ Yes   ❏ No |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
(Non-Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**I.    The Parties to This Complaint**

    **A.    The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

        Name
        Address

        *City    State    Zip Code*

        County
        Telephone Number
        E-Mail Address

    **B.    The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

        Defendant No. 1
            Name
            Job or Title *(if known)*
            Address

            *City    State    Zip Code*

            County
            Telephone Number
            E-Mail Address *(if known)*

            ☐ Individual capacity    ☐ Official capacity

        Defendant No. 2
            Name
            Job or Title *(if known)*
            Address

            *City    State    Zip Code*

            County
            Telephone Number
            E-Mail Address *(if known)*

            ☐ Individual capacity    ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

    Defendant No. 3
        Name
        Job or Title *(if known)*
        Address

                *City*       *State*       *Zip Code*

        County
        Telephone Number
        E-Mail Address *(if known)*

        ❒ Individual capacity    ❒ Official capacity

    Defendant No. 4
        Name
        Job or Title *(if known)*
        Address

                *City*       *State*       *Zip Code*

        County
        Telephone Number
        E-Mail Address *(if known)*

        ❒ Individual capacity    ❒ Official capacity

**II.**     **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

    A.    Are you bringing suit against *(check all that apply)*:

        ❒ Federal officials (a *Bivens* claim)

        ❒ State or local officials (a § 1983 claim)

    B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

    D.        Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

## III. Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

    A.        Where did the events giving rise to your claim(s) occur?

    B.        What date and approximate time did the events giving rise to your claim(s) occur?

    C.        What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**IV.** **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

**V.** **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

**VI.   Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.   For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff
Printed Name of Plaintiff

**B.   For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

*City*         *State*         *Zip Code*

Telephone Number
E-mail Address